UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HAKEEN D. HARRIS,

Plaintiff,

v. Case No. 25-cv-0789-bhl

SKYE A. MILLHISER,
SHANE GARLAND,
JENNIFER L. KILMER,
SOAN JONES,
KARMIN VANDENBUSH, and
LARISSA A. CERVANTES,

Defendants.

---

## SCREENING ORDER

---

Plaintiff Hakeem Harris, who is currently serving a state prison sentence at the Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On July 3, 2025, Harris paid the $405 civil case filing fee. This matter comes before the Court to screen the complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a

cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

**ALLEGATIONS OF THE COMPLAINT**

According to Harris, on November 30, 2024, he hurt his finger playing basketball. He asserts that he initially believed he had jammed it, so he tried to pop it back into place. He explains that he submitted a health services request form the next day because his finger hurt. He was seen that same day by Nurse Karmin Vandenbush who provided him with an ice bag, ibuprofen, and an ace wrap. Harris asserts that his finger continued to hurt, so about a week later, on December 6, 2024, he was seen by Nurse Soan Jones. It is not clear what if anything Nurse Jones offered Harris

in response to his complaints of ongoing pain. A few days later, he was seen by Nurse Larissa Cervantes for complaints of pain, but he still was not given anything to treat his finger. Dkt. No. 1 at 4-5.

Harris explains that on December 19, 2024, he was seen by Nurse Skye Millhiser and requested an x-ray because the swelling and pain continued. Harris does not allege what, if anything, Nurse Millhiser did in response to his complaints of pain and swelling. Weeks later, on January 9, 2025, Harris asserts that he was examined by Nurse Jennifer Killmer. He explains that he told her he was in pain and no one was helping. Two days later, on January 11, 2025, an advanced prescriber nurse practitioner (who is not a Defendant) ordered an x-ray and informed Harris that he had an acute fracture in his finger. Harris asserts that "Shane Garland has refused to order surgery for [his] broken finger." Harris explains that he still has not received treatment for his broken finger, which is in constant pain, and that his bone has now healed improperly. Dkt. No. 1 at 5-6.

## THE COURT'S ANALYSIS

Harris asserts that Defendants have shown deliberate indifference to his broken finger by delaying and/or refusing to address his complaints of pain and swelling. A prison official who acts with deliberate indifference to a substantial risk of serious harm to an inmate's health violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). A delay in medical treatment may constitute deliberate indifference if the delay exacerbates the injury or unnecessarily prolongs an inmate's pain, particularly if a provider knows that the pain is treatable. *Reck v. Wexford Health Sources, Inc.*, 27 F.4th 473, 483 (7th Cir. 2022). However, a medical professional's treatment decisions will be afforded deference unless no minimally competent

professional would have responded as such under the circumstances. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014).

Harris states deliberate indifference claims against Nurses Jones, Cervantes, and Millhiser based on allegations that in the weeks after his injury they did nothing to address his complaints of persistent swelling and pain in his finger. Harris does not, however, state a claim against Nurse Vandenbush, who provided him with an ice bag, ibuprofen, and an ace wrap bandage the same day he first complained about his injury. While these conservative measures ultimately proved ineffective, the Court cannot reasonably infer that her response demonstrates that she was deliberately indifferent to his complaints of pain and swelling. Similarly, Harris does not state a claim against Nurse Kilmer. Harris explains that she evaluated him on January 9, 2025, at which time he complained that no one was addressing his complaints of swelling and pain. He then received an x-ray two days later, on January 11, 2025. Given that Nurse Kilmer apparently arranged for an x-ray (either by ordering it herself or referring him to an advanced care provider with the authority to order it), the Court cannot reasonably infer that she was deliberately indifferent to his complaints.

Harris also does not state a claim against Garland, the health services manager, based on an allegation that he refused to approve surgery for Harris' finger. Haris provides no factual allegations to support a reasonable inference that Garland, who works in an administrative role, examined Harris or was responsible for deciding the course of treatment for Harris' finger. Nor does he provide any factual allegations to support a reasonable inference that a provider recommended surgery to repair the alleged fracture. Harris therefore has provided insufficient factual information to raise his right to relief above the speculative level. *See Twombly*, 550 U.S.

at 570 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## CONCLUSION

**IT IS THEREFORE ORDERED** that Harris fails to state a claim against Karmin Vandenbush, Jennifer Kilmer, and Shane Garland, so the clerk's office is directed to terminate them from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Harris' complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Skye Millhiser, Soan Jones, and Larissa Cervantes.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Skye Millhiser, Soan Jones, and Larissa Cervantes shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Harris is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Harris may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on July 8, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge